RECEIVED
SDNY PRO SE OFFICE
2022 OCT 20  AM 10: 02

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Jenny Ramgoolie

_____
Write the full name of each plaintiff.

-against-

Andy Ramgoolie

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☑ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☑ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, __Jenny Ramgoolie_____, is a citizen of the State of
(Plaintiff's name)

__Texas_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

__N/A_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, **Andy Ramgoolie**, is a citizen of the State of
(Defendant's name)

**New York**

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

**N/A**

If the defendant is a corporation:

The defendant, **n/a**, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| **Jenny** | | **Ramgoolie** |
|---|---|---|
| First Name | Middle Initial | Last Name |

**9402 Calwood Cir**

Street Address

| **Harris, Spring** | **TX** | **77379** |
|---|---|---|
| County, City | State | Zip Code |

| **1-646-377-6792** | **jramgoolie@gmail.com** |
|---|---|
| Telephone Number | Email Address (if available) |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:  Andy                         Ramgoolie
First Name                   Last Name
Bar Owner - Wicked Willy's / Sign Shop
Current Job Title (or other identifying information)
149 Bleecker St,
Current Work Address (or other address where defendant may be served)
NY                           NY                      10012
County, City                 State                   Zip Code

Defendant 2:  N\A
First Name                   Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                 State                   Zip Code

Defendant 3:  N\A
First Name                   Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                 State                   Zip Code

Page 4

Defendant 4:  N|A
 _____  _____
 First Name               Last Name

 _____
 Current Job Title (or other identifying information)

 _____
 Current Work Address (or other address where defendant may be served)

 _____  _____  _____
 County, City              State       Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:  see attached complaint

Date(s) of occurrence:  see attached complaint

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

see attached complaint

Page 5

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

n/a - no medical tx

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

see attached complaint

Page 6

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 10/14/22 | *(signature)* |
| Dated | Plaintiff's Signature |
| Jenny | Ramgoolie |
| First Name / Middle Initial | Last Name |
| 9402 Calwood Cir | |
| Street Address | |
| Harris, Spring | TX  77379 |
| County, City | State  Zip Code |
| 646-377-6792 | jramgoolie@gmail.com |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☑ Yes  ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Ramgoolie VS Ramgoolie 1:16 CV 3346   Appeal Ramgoolie vs Ramgoolie - 22-1409

---

# Ramgoolie, Jenny
Name (Last, First, MI)

| 9402 Calwood Cir | Spring | TX | 77379 |
|---|---|---|---|
| Address | City | State | Zip Code |

1-646-377-6792                              jramgoolie@gmail.com

Telephone Number                            E-mail Address

10/14/22                                    [signature]

Date                                        Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JENNY RAMGOOLIE,

                Plaintiff,                      COMPLAINT
                                                      Index No.

                -against-                      JURY TRIAL DEMANDED

ANDY RAMGOOLIE,
                Defendant.

-------------------------------------------------------x

## COMPLAINT

### NATURE OF THE ACTION

1. Parties entered a joint venture of AANDCO for the setting up of a dialysis center in Trinidad and Tobago. Among others, parties agree to a 50-50 sharing in the profits and losses of the company.

2. As the business became successful, Defendant eased out Plaintiff in the business deal by reneging all the terms of the agreement.

3. Defendant engineered a sham transfer of assets from AANDCO to KDR to avoid his contractual obligations to Plaintiff. This action seeks to void the fraudulent conveyance and to hold the current shareholders of KDR accountable to the botched agreement. Further, this action seeks damages for the fraud committed by Defendant against Plaintiff.

## THE PARTIES

3. Plaintiff is a dual US-Trinidad citizen and a resident of Harris County, Texas.

4. Defendant is a dual US-Trinidad citizen and a resident of New York County, New York.

## JURISDICTION AND VENUE

5. Upon information and belief, this Court has jurisdiction over Defendant under 28 US §1332 in that the Plaintiff seeks damages in excess of $75,000 and jurisdiction is based on diversity of parties

6. Venue is proper under 28 US § 1391(b)(3) as Defendant is subject to the Court's personal jurisdiction and that Parties transacted business in New York.

## FACTUAL BACKGROUND

7. Plaintiff is a registered nurse with a master's degree in Health Administration. She is originally from Trinidad and Tobago but now resides in Texas. Defendant is a businessman who resides in New York. Plaintiff and Defendant are siblings and are also referred to as Parties.

8. Around July 2010, Parties agreed to open a dialysis center in Trinidad and Tobago. Part of the Agreement is that Defendant would "pay the start-up costs," and that Plaintiff would conduct preliminary study and research, conduct feasibility study of the market condition, file the appropriate permit paperwork, design the center, source the necessary equipment, set up the supply chains, and develop the company's internal operations procedures and paperwork. Upon opening of the dialysis center,

Plaintiff would be the Director of Clinical Operations and that she would be compensated accordingly. The dialysis center is a joint venture of Parties, thus, both shares equally in the profit and losses of the business.

9. Performing her part of the bargain of the agreement, Plaintiff conducted her research for the dialysis clinic from July 2010 to December 2012 for which she submitted a business plan to Defendant in May 2012. On several occasions, Defendant confirmed, either expressly or tacitly, the 50-50 sharing of the business deal. The joint venture would soon be named AANDCO.

10. Thus, in April 2013, AANDCO was incorporated in Trinidad and Tobago with Kevin Ramgoolie, Plaintiff's and Defendant's nephew, listed as director and receiving a monthly salary. The corporate filings listed Kevin and Defendant as corporate directors. Parties agree that Plaintiff's name would not appear in the corporate papers because she had personal family problems to settle first. AANDCO opened in July 2014, with Plaintiff as the Director of Clinical Operations. Soon after AANDCO opened, Plaintiff had to use her own funds to pay AANDCO's bills.

11. Around December 2014, Plaintiff's personal family problem was resolved, and this prompted her to hold Defendant to the terms of the agreement that the corporate papers should be revised to reflect her status as shareholder and director of AANDCO. She demanded that Defendant give her 50 percent of AANDCO's shares and pay her for (1) her work as Director of Clinical Operations of AANDCO, (2) 50 percent of AANCO's profits, (3) her time, effort, and research into the business, and (4) reimburse her for the personal funds she expended on behalf of the company. On

several occasions, Defendant acknowledged his obligations and that he promised to compensate Plaintiff in accordance with the agreement.

12. As the business grew, so does Defendant's greed. All terms of agreement were set aside and repudiated. Around August 2015, Plaintiff learned that Defendant terminated her access to the AANDCO bank account and told AANDCO staff that she no longer worked at the company.

13. In January 2016, Defendant set up KDR Medical Care Ltd. ("KDR") as a business at AANDCO's address with merged business ownership interest as that of AANDCO. KDR is a conduit established by Defendant to ease out Plaintiff from the business and to prevent Plaintiff from sharing in the ownership of the business in accordance with the original agreement.

14. There is a sufficient indicium of continuity that KDR is nothing but AANDCO in disguise. There is no change of ownership because the same officials are behind KDR. KDR uses the same location, machinery and equipment, while producing the same product - dialysis center. It essentially employed same workforce. KDR is the alter ego of AANDCO, and that is a disguised continuance of the first company and the transfer of assets was a sham transaction which was designed to eliminate Plaintiff from the picture and thus completely dodge contractual obligation of Defendant. The alter ego doctrine focuses on the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement, such as through a sham transfer of assets.

15. The purported transfer of assets from AANDO to KDR lacks consideration. The stated consideration of $796,769 TTD is a minuscule amount and even considered a sham consideration when compared to the real valuation of the business which is TTD$180,491,916.00 or USD26,818,210.00. This valuation is arrived at employing methods of acceptable accounting standards in company valuation. An expert report on the valuation will be presented during the course of the proceeding. The agreement between the parties is to split ownership as 50-50 of the company. Plaintiff and Defendant would each own half of the venture, and profits and losses would be shared equally. As 50% owner of the company, Plaintiff is entitled to USD13,409,105.00

16. In 2016, Plaintiff instituted a civil action in Southern District of New York against Defendant compelling him to honor the agreement. On November 24, 2021, the Court found the existence of a contract between the parties and awarded Plaintiff $398,380 TTD in damages.

## THE FRAUDULENT CONVEYANCE

17. Sometime in October 2014, Defendant purposely diluted his share to a mere 6% in AANDCO despite common knowledge that he practically owns it and calling all the shots. AANDCO was also purposely undervalued to abscond contractual obligations especially to Plaintiff. Around this time, Plaintiff has been insisting and pressing upon Defendant to comply with the terms of the agreement which is implementing a 50-50 business deal.

18.     In January 2016, Defendant set up KDR Medical Care Ltd. ("KDR") as a business at AANDCO's address with merged business ownership interest as that of AANDCO. KDR is a conduit established by Defendant to ease out Plaintiff from the business and to prevent Plaintiff from sharing in the ownership of the business in accordance with the original agreement. Continuing violation of the New York Debtor and Creditor Law (DCL) makes the filing of this case timely.

19.     KDR never received a 'fair equivalent' of the asset it purchased. It received way more than the stated value of the agreement. Not only was there an absence of fair consideration, but there was also no good faith between the parties as the agreement was only meant to circumvent the contractual obligations of the Defendant to the Plaintiff. Thus, the purported transfer of asset was one of fraudulent conveyance, the sale should be set aside and be reverted to the original transferor.

20.     Defendant who owns AANDCO was insolvent when he made the transfer. Under NYDCL, a debtor is insolvent when the debtor's liabilities exceed the debtor's assets. Although NY courts have held that the determination of insolvency is a question of fact inappropriate for a court on a motion to dismiss, to evaluate the sufficiency of a complaint's insolvency allegations New York courts look for some sort of "balance sheet" test or information provided that the Court can use to infer that the corporation's liabilities exceeded their assets at the time of the transfers took place. Courts have held that on a motion to dismiss even conclusory allegations of insolvency and inadequate consideration suffice for the purposes of alleging the elements of a constructive DCL 273 claim.

21. Upon information and belief, prior to the fraudulent conveyance, Defendant was insolvent. He had no other source of income. Contingent liabilities include the claims of Plaintiff amounting to $13.4 Million and this far outstrip his assets, making him insolvent in 2014.

22. It is well-settled that the inclusion of contingent tort liabilities in a balance sheet insolvency analysis is standard. Thus, contingent claims are treated by courts as debts for insolvency purposes.

## FIRST CAUSE OF ACTION
## FRAUDULENT CONVEYANCE

23. Plaintiff repeats and re-pleads paragraphs 1 to 22 of this Complaint as if fully set forth in this cause of action.

24. Plaintiff is, and at the time of the transfer, a creditor of Defendant pursuant to DCL § 271.

25. Upon information and belief, while a debtor of Plaintiff, Defendant did convey substantial shares he owned in AANDCO to KDR.

26. Upon information and belief, Defendant made the conveyance while he was insolvent notwithstanding his contingent liability.

27. Upon information and belief, Defendant conveyed the shares of AANDCO without consideration and without receiving any fair equivalent property in exchange of the conveyance.

28. Upon information and belief, the conveyance was made without good faith and that Defendant intentionally hid his assets to avoid paying Plaintiff in the event of any judgment.

29.     As a result of the same, Plaintiff has suffered damages as a result of the fraudulent conveyance, and is entitled to judgment against Defendant, in an amount to be determined at trial, but no less than $14Million.

## SECOND CAUSE OF ACTION
## FRAUD IN THE INDUCEMENT

30.     Plaintiff repeats and re-pleads paragraphs 1 to 22 of this Complaint as if fully set forth in this cause of action.

31.     Defendant misrepresented and tricked Plaintiff into agreeing with the joint venture agreement knowing fully well that he has no intention of performing his part of the bargain.

32.     Defendant's misrepresentations were material because Plaintiff would not have agreed to the Agreement.

33.     Defendant intended to induce Plaintiff to rely on his misrepresentations just so Plaintiff will be forced to conduct preliminary market study and expend time and effort in setting up the dialysis company, only to reap the benefits by himself if and when the business become successful.

34.     Plaintiff reasonably relied upon the representations of Defendant considering their blood relations and the fact that Plaintiff believed that the joint venture would be a successful business given the market study that she had conducted.

35.     Plaintiff was justified in relying upon Defendant's misrepresentations because of her blood relations with the Defendant and given the clarity of the terms of the joint venture.

36. Plaintiff was substantially harmed because she never received her part of the bargain. As of now, the business has become very successful, and Plaintiff has not gotten anything out of it.

37. Defendant's wrongful conduct was a direct and proximate cause of Plaintiff's suffering damages as alleged herein.

38. Defendant's conduct constituted oppression, fraud, and malice, and Plaintiff is entitled to recover damages for the sake of example and by way of punishing Defendant.

39. Defendant's fraudulent acts committed against Plaintiff is a continuing one, thus, making this action timely. Defendant also committed fraud in the filing of corporate papers in 2017 against Defendant, thus, making this cause of action all the more timely.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

40. Plaintiff repeats and re-pleads paragraphs 1 to 22 of this Complaint as if fully set forth in this cause of action.

41. In the alternative, if the Court finds that the agreement between the parties is not binding, Plaintiff is entitled to the value of the services she performed and would have performed had Defendant did not walk away.

42. Defendant has received and would have received financial gain from the time and efforts of Plaintiff valued at an amount to be determined at trial, but believed to be not less than $1,000,000.00

43. As a result of the foregoing, Defendant has been unjustly enriched in the amount of $1,000,000.00

WHEREFORE, Plaintiff demands judgment as follows:

(a) on the first cause of action, it is respectfully requested that the Court (i) pursuant to Section 279 of the Debtor and Creditor Law, restrain any further transfer of Defendant's shares / ownership in AANDCO and KDR or any interest therein, which would have the effect of diminishing the equity in such property, including without limiting the generality of the foregoing, any further mortgage, pledge, or incurrence of debt secured by such property, or any interest therein, or any additional extension of indebtedness with respect to such property, (ii) pursuant to Section 278 of the Debtor and Creditor Law, have the conveyance set aside, and/or void the fraudulent transfer from AANDCO to KDR (iii) pursuant to Section 278 of the Debtor and Creditor Law, issue a *nunc pro tunc* certificate of share as it existed prior to the fraudulent transfer, (iv) pursuant to Section 276-A of the Debtor and Creditor Law, award attorney's fees against the defendant, and (v) together with the other relief demanded in the complaint, award such other relief, as the court may deem just and proper, including without limiting the generality of the foregoing, appointment of a receiver under the Debtor and Creditor Law, or the CPLR, and/or attachment of the AANDCO and KDR, under the CPLR.
(b) on the second cause of action, compensatory damages in an amount to be determined at trial, but no less than $ 1,000,000.00 together with prejudgment interest and costs; and
(c) on the third cause of action, compensatory damages in an amount to be determined at trial, but no less than $ 1,000,00.00 together with prejudgment interest and costs.

DEMAND FOR JURY TRIAL.

Plaintiff respectfully demands a trial by jury for all issues so triable in this action.

Date: Oct 14th, 2022                                                                JENNY RAMGOOLIE







PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**PRIORITY MAIL**

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

- Expected
- Domestic
- USPS Tra
- Limited in
- When use

*Insurance doe
Domestic Mail
** See Internati

FROM: JENNY RAMGOOLIE
9402 CALWOOD CIR
SPRING TX 77379

TO: USDC
Southern District NY.
PRO-SE INTAKE UNIT
500 Pearl St
NY NY 10007

y).*
tional destinations.
d.
e the
s of coverage.

FLAT ONE RATE

TRACI

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

Package Pickup,
QR code.


PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2


USPS.COM/PICKUP

UNITED STATES POSTAL SERVICE.
Retail

P  US POSTAGE PAID
$9.90
Origin: 66441
10/15/22
1945870441-16

**PRIORITY MAIL®**

0 Lb 1.40 Oz
1004

EXPECTED DELIVERY DAY: 10/18/22

C099

SHIP TO:

500 PEARL ST
NEW YORK NY 10007-1316

**USPS TRACKING® #**


9505 5117 9553 2288 6010 37

